# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOBILE PIXELS, INC., | ) | Case No. 1:21-cv-10109 |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| STAND STEADY COMPANY, LLC, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels"), by and through its undersigned counsel, sets forth its Complaint below against Stand Steady Company, LLC. ("Stand Steady"). Mobile Pixels has brought this action to stop Stand Steady's infringement of Mobile Pixels' U.S. Patent No. 10,871,801 (the "'801 Patent") and recover damages for Stand Steady's use of Mobile Pixels' invention. Mobile Pixels alleges as follows:

## PARTIES

1.      Mobile Pixels, Inc. is a California corporation with its principal place of business at 8 Cedar Street, Suite 62, Woburn MA 01801

2.      On information and belief, Defendant Stand Steady Company, LLC is a Virginia limited liability corporation having a principal place of business at 5724 Highway 280, East Birmingham, Alabama.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Stand Steady because Stand Steady offers for sale and sells products that infringe the '801 Patent through a website that is available to residents of this District and sells through other entities, such as Amazon and Best Buy, who offer for sale and sell products that infringe the '801 Patent to Massachusetts residents.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) because (1) Stand Steady has committed, and continues to commit, acts of infringement in this District, including offering for sale and selling products that infringe the '801 Patent through an interactive website to residents of this district and providing products that infringe the '801 Patent that are used, offered for sale, sold and/or have been purchased in this District, and (2) on information and belief, Stand Steady has sold products that infringe the '801 Patent to residents in this District.

## MOBILE PIXELS' 801 PATENT

6. Mobile Pixels was founded in 2016 by Xiaoliang Yao and Wenglong Ng to develop and market auxiliary monitors for computers.

7. These development efforts proved fruitful and on April 30, 2018, Mr. Yao and Mr. Ng filed a provisional patent application, United States Serial Number 62/664,488 (the "'488 Provisional"), on their invention.

8. On April 29, 2019, Mr. Yao and Mr. Ng filed a utility patent application, United States Serial Number r 16/397,514 (the "'514 Application"), which claimed priority to the '488 Provisional.

9. The '514 Application was published as US 2019/0332146 A1 (the "Published Application") on October 31, 2019.

2

10.     On December 22, 2020, after full and fair examination, the United States Patent and Trademark Office duly and legally issued the '801 Patent, entitled "Tabletizable Auxiliary Monitor."  A true and correct copy of the '801 Patent is attached as Exhibit A.

11.     Mobile Pixels holds all right, title, and interest in the '801 Patent with full rights to enforce the '801 Patent and sue and recover for past, present, and future infringement.

12.     On May 8, 2019, Mobile Pixels discovered a product called the SideTrak® Slide portable monitor (the "Accused Product") being offered for sale on the internet.  Mr. Yao made this discovery when Facebook placed an advertisement for the SideTrak onto his Facebook feed.

13.     On November 13, 2019, Mobile Pixels sent a copy of the Published Application to Dayna Martin, President of Stand Steady, and informed Stand Steady that the SideTrak Slide portable monitor was covered by at least one claim of the application as published.  Stand Steady responded through counsel on November 19, 2019, acknowledging the Published Application and stating "we will continue to monitor the '146 publication as it progresses through prosecution and take appropriate action."

14.     The Accused Product remains available for purchase through Stand Steady's website, at the internet address <https://sidetrak.com/products/sidetrak-portable-monitor> for $299.99 each.  A true and correct copy of Stand Steady's website advertising the Accused Product for sale is attached as Exhibit B to this Complaint.

15.     The Accused Product is currently available for purchase through Best Buy's website, at the internet address <https://www.bestbuy.com/site/sidetrak-12-5-ips-lcd-fhd-monitor-usb-c-black/6413698.p?skuId=6413698>, and on Amazon's website, at the internet address https://www.amazon.com/SideTrak-Portable-Monitor-12-5-Screen/dp/B07RJYQN9K/ref=sr_1_2_sspa?dchild=1&keywords=sidetrak&qid=1610657631&sr

3

=8-2-

spons&psc=1&smid=A6PBBJZ5GRM5&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUFVOUZ

VWjVSUkRIUEomZW5jcnlwdGVkSWQ9QTAwNjQ0MzIzNDZDME5QOU1LS0I1JmVuY3J

5cHRlZEFkSWQ9QTA1ODg4NTQxNzE1TzJMTDZJR0xKJndpZGdldE5hbWU9c3BfYXRmJ

mFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ, each for the same

$299.99.  A true and correct copy of Best Buy's website advertising the Accused Product for sale

is attached as Exhibit C to this Complaint and a true and correct copy of Amazon's website

advertising the Accused Product for sale is attached as Exhibit D to this Complaint.

16.     The Accused Product is further available from a number of different retailers,

including Office Depot,[1] and the Stand Up Desk Store.[2]

17.     On information and belief, each of these entities sell the Accused Product

throughout the United States, including into this Judicial District.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 10,871,801

18.     Mobile Pixels repeats and realleges the preceding paragraphs of this Complaint as

though fully repeated here.

19.     Stand Steady manufactures and sells products that infringe one or more claims of

the '801 Patent, including at least the Accused Product.

20.     On information and belief, Stand Steady has actually sold the Accused Product

through its website, including to customers in this judicial district.

---

[1] <https://www.officedepot.com/a/products/9706916/SideTrak-125-HD-LCD-USB-Powered/>
[2] < https://www.standupdeskstore.com/sidetrak-portable-monitor>

21.     On information and belief, Stand Steady has authorized and/or intends to authorize third parties to sell the Accused Product in the United States, including to customers in this judicial district.

22.     Stand Steady has infringed, and continues to infringe, the '801 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Accused Product.

23.     The '801 Patent describes an auxiliary monitor for use on a computer, for example a laptop computer or a tablet device, that is slidably couplable to the computer.

24.     Claim 1 of the '801 Patent recites:

An auxiliary monitor comprising: a mount including a first rail and a second rail each extending along a first axis and parallel to each other, the first axis lying entirely within a first plane; one or more coupling elements coupled to the mount and configured to be coupled to a computer; and a display portion including: a communications interface configured to be communicatively coupled to the computer; at least one display screen configured to display output information; and at least one hinge coupled to the at least one display screen and configured to be slidably coupled to the first rail and the second rail, the at least one display screen being configured to move along the first axis via the at least one hinge to a parallel configuration in which the at least one display screen is configured to be parallel to the computer and to the first plane, the at least one display screen being further configured to rotate 180 degrees about the at least one hinge from the first plane to a tabletized configuration in which the at least one display screen is configured to be antiparallel to the computer, and is configured to be disposed in a space between the first rail and the second rail.

25.     The Accused Product is an auxiliary monitor for use on a computer, for example a laptop computer or a tablet device, that is removably couplable to the computer.

26.     As demonstrated in the claim chart attached as Exhibit E hereto, each and every element of at least independent claim 1 of the '801 Patent is present in the Accused Product, either literally or through the doctrine of equivalents.

27.     Stand Steady literally infringes each and every limitation of claim 1 of the '801 Patent.  To the extent any limitations of claim 1 are not literally present the Accused Product, such limitations are present and infringed under the doctrine of equivalents.

28.     Stand Steady has directly infringed and continues to infringe at least claim 1 of the '801 Patent by making, using, offering for sale within the United States, and/or importing into the United States its Accused Product in violation of 35 U.S.C. §§ 271 (a), (b), and/or (c).

29.     The Accused Products likewise infringe other claims of the '801 Patent.

30.     On information and belief, Stand Steady had actual notice of the '801 Patent through its monitoring of the Published Application "as it progresses through prosecution."

31.     Stand Steady's infringement of the '801 Patent has been, and continues to be, willful, intentional, and purposeful, in disregard of Mobile Pixels' rights.

32.     Stand Steady's infringement will continue to damage Mobile Pixels' business, causing irreparable harm for which there is no adequate remedy at law, unless Stand Steady's wrongful acts are enjoined by this Court.

33.     Stand Steady's infringement has caused and continues to cause damage to Mobile Pixels, and Mobile Pixels is entitled to recover damages pursuant to 35 U.S.C. § 284.

## EXCEPTIONAL CASE DETERMINATION

34.     This is an exceptional case entitling Mobile Pixels to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Mobile Pixels prays for an order entering judgment against Stand Steady as follows:

A.     For judgment that the '801 Patent has been and continues to be infringed by Stand Steady;

6

B.      For an injunction, permanently enjoining Stand Steady, its officers, agents, employees, and attorneys, and all persons acting in concert or participation with Stand Steady from further acts of infringement;

C.      That Mobile Pixels be awarded damages adequate to compensate it for Stand Steady's infringement pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

D.      For enhanced damages pursuant to 35 U.S.C. § 284;

E.      For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

F.      For Mobile Pixel's costs and expenses in this matter; and

G.      For any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mobile Pixels demands a trial by jury of this action.

Dated: January 21, 2021                    Respectfully submitted,

/s/ Thomas P. McNulty
Thomas P. McNulty (BBO # 654,564)
**LANDO & ANASTASI, LLP**
60 State Street – 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617)-395-7070

*Attorney for Plaintiff Mobile Pixels, Inc.*